# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

In re:

CHARLIE M. HAMRICK                         CASE NO.: 15-31137-KKS
                                           CHAPTER: 7

    Debtor.
_____/

## SUPPLEMENTAL ORDER
## 1) ON ORDER TO SHOW CAUSE (DOC. 86),
## 2) ON INTERIM ORDER OF PARTIAL COMPLIANCE WITH ORDER TO SHOW CAUSE (DOC. 114),
## 3) FINDING DEBTOR, CHARLIE M. HAMRICK, IN CONTEMPT OF COURT; 4) SETTING CONDITIONS FOR PURGING CONTEMPT, AND
## 5) SCHEDULING FURTHER HEARING

THIS MATTER came before the Court for a continued, evidentiary hearing on June 22, 2016, after due notice to the self-represented Debtor, creditors and parties in interest.

On April 18, 2016, the Court entered an *Order to Show Cause* ("OTSC," Doc. 86) based on the Verified Motion for Order to Show Cause Why Debtor Should Not be Held in Contempt of this Court, filed by creditor, James Evans Rice, Jr. ("Rice," Doc. 65). After a preliminary hearing on the OTSC held April 26, 2016, the Court entered an *Interim Order of Partial Compliance with Order to Show Cause* (Doc. 114). At the second preliminary hearing on May 25, 2016, at which the Debtor again appeared, as did the Trustee and counsel for Rice, Rice's counsel urged this Court

to incarcerate the Debtor for his failure to fully comply with the Subpoena for production of documents that forms the basis for the current dispute. Because that hearing was noticed as non-evidentiary, and because the Debtor indicated additional compliance with the document subpoena and OTSC, the Court declined to do so and instead scheduled the matter for an evidentiary hearing on June 22, 2016.

Appearing at the June 22 hearing were counsel for Creditor Rice and the Trustee, Robert Powell, Esq., the Trustee, John Venn, and counsel for Creditor, J. Steven Ford. Creditor Rice subpoenaed the Debtor to appear for the hearing (Doc. 157). The Debtor acknowledged receipt of the hearing subpoena and his duty to appear (Doc. 158). The Debtor did not appear for the hearing. At the hearing Creditor Rice, through counsel, proffered testimony as to what documents the Debtor had, and had not, produced as of the date of the hearing. The Court received in evidence Rice's Exhibits 1-7, with no objection of any party present. No one presented any evidence on behalf of the Debtor.

Based on the testimony and evidence presented, as well as representations by the Trustee and counsel for Rice and the Trustee, it is clear that the Debtor has failed to produce copies of the documents in his possession in response to the Rice subpoena. The Record also reflects that the Debtor has not filed Schedules or a Statement of Financial Affairs. Although the Debtor complied with this Court's order compelling him to attend the § 341 meeting of creditors, according to the

Trustee he refused to answer questions at that meeting on Fifth Amendment grounds.[1]

At the May 25, 2016 hearing the Debtor represented that he had, and would deliver to counsel for Rice, certain additional documents responsive to the Rice subpoena; specifically copies of one or more bank statements for his corporation, H & H Construction of NW FL, d/b/a H & H Construction, Inc.  Counsel for Rice represented at the June hearing that the Debtor has not provided him with any such documents.

In order to impose sanctions on a debtor this Court must find that the party seeking sanctions has proved, by clear and convincing evidence, that the debtor has violated an order of the court.[2]  The requirements of the order violated must be clear. Here, the Interim Order was designed to reflect the Court's ruling at the April hearing, which was that the Debtor would be required to produce documents in his custody and control.[3] The Debtor's actions and representations at the April and May hearings reflect that the Debtor fully understood the intent of the Interim Order. Discussion at those hearings centered exclusively on documents the Debtor had been ordered and subpoenaed to produce.

---

[1] The Debtor also refused to answer questions during the Rule 2004 examination conducted by Rice's counsel.  As both Rice and the Trustee point out, the Fifth Amendment protection against self-incrimination does not apply to production of documents.
[2] *CFTC v. Wellington Precious Metals, Inc.*, 950 F.2d 1525 (11th Cir. 1992).
[3] *See* Doc. 114. The Interim Order contains a typo: it required the Debtor to produce documents in *Rice's* possession, rather than in the Debtor's possession.

3

Among the remedies available to the court in a civil contempt proceeding is the ability to impose a fine payable to the complainant in compensation for damages sustained as a result of the conduct.[4]  Here, it appears obvious that no fine would be sufficient to compel the Debtor to comply with this Court's orders or the requirements of the Code.  It also appears, based on the Debtor's statements during prior hearings that the Debtor would be unable to purge contempt in the form of a fine, due to lack of funds.

While incarceration as a sanction for civil contempt may have an incidental punitive effect, incarceration does not change a civil contempt proceeding to a criminal one so long as such incarceration is limited in that the contemnor is released upon purging the contempt or upon showing that he is unable to do so.[5]  The bankruptcy court in *Spanish River* found that it had the authority to incarcerate the debtor's principals until the contempt was purged.[6]  That court relied on *CFTC v. Wellington*, in which the Eleventh Circuit held that even lengthy incarceration was permissible as a coercive remedy for civil contempt: "If the contemnor makes a clear showing that he is unable to comply with the court's requirement, then

---

[4] *Id*. at 254 (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949).
[5] *See In re Spanish River Plaza Realty Co., Ltd.*, 155 B.R. 249, 254 (Bankr. S.D. Fla. 1993) (purging contempt would be payment of the fine).
[6] *Id*. (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949).

4

imprisonment cannot continue. It is the contemnor that has the burden of producing evidence that it is factually impossible for him to comply with the contempt order."[7]

This Court admonished the Debtor at the May hearing, stating "this is a very serious matter" and that it "would not hesitate to issue sanctions" if appropriate. The Court also encouraged the Debtor to continue his efforts to obtain replacement counsel, and emphasized the importance of complying with this Court's orders; in particular the OTSC and Interim Order that led to this hearing.

Although this case began with the filing of an involuntary petition against the Debtor, the order for relief was entered pursuant to a stipulation that the Debtor entered into while he was represented by competent bankruptcy counsel. Despite his agreement to entry of the order for relief, the Debtor has failed to comply with the Rice subpoena and this Court's orders. He has also failed or refused to comply with requirements of the Bankruptcy Code and Rules, including Rule 1007(c), Fed. R. Bankr. P., which requires a debtor in an involuntary case to file Schedules, Statement of Financial Affairs and other documents within fourteen days after the order for relief. There can be no question that the Debtor was counseled as to the consequences of his stipulation to entry of the order for relief. Further, the Debtor has twice represented that he prepared schedules and that they are with his former attorneys.

---

[7] *Id.* (citing *CFTC v. Wellington*, 950 F.2d at 1529).

The Eleventh Circuit in *Howard Johnson Co, Inc. v. Khimani* stated that the focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnor in complying with the order, but whether in fact the contemnor's conduct complied with the order at issue.[8] A contemnor must demonstrate that he has done his utmost or made all reasonable efforts to comply with the subpoena for production of documents and the Court's orders.[9] Here, the Contemnor/Debtor has failed to make any such showing. The Debtor has not testified, represented in writing, or stated at the prior hearings that he does not have possession of the items he has been ordered to produce, although he has stated that he does not have *all* of the items.

The Debtor having failed to appear or offer any evidence of a good faith effort to comply with the document production and prior orders of this Court, and for the reasons stated in this Order as well as in open court at the hearing, it is

ORDERED:

1. The Debtor is in contempt of this Court by virtue of his failure to comply with the OTSC, the Interim Order and the Rice subpoena.

2. The Debtor ("Contemnor") may purge this contempt as follows:

---

[8] 892 F.2d 1512, 1516 (11th Cir. 1990).
[9] *Phoenix Marine Ent., Inc. v. One (1) Hylas 46' Convertible Sportfisherman Hull, etc.,* 681 F. Supp. 1523, 1528 (S.D Fla. 1988).

a. On or before July 7, 2016, Contemnor must file Schedules and Statement of Financial Affairs with the Clerk of the Court, United States Bankruptcy Court, 100 N. Palafox Street, Pensacola, Florida, 32502.

b. On or before July 7, 2016, the Contemnor shall produce to counsel for Creditor Rice, Robert J. Powell, Esq.:

   i. All documents in Contemnor's possession, custody, or control that Creditor Rice commanded the Contemnor to produce pursuant to the Subpoena, together with a list, signed by the Debtor and dated, which the Court will consider having been submitted under penalty of perjury, showing:

      1. what documents are being provided with the list,
      2. what documents the Debtor has already provided, and
      3. what documents the Debtor does not have.

   ii. The Contemnor's personal 2013 and 2014 federal income tax returns or transcripts of those returns provided by the Internal Revenue Service. If the Contemnor does not have copies of these tax returns or transcripts, he shall produce copies of screen-shots or other documents clearly showing that he has

7

        requested transcripts of these precise returns from the Internal Revenue Service.

    iii. The income tax returns, or transcripts of such returns provided to the Debtor by the Internal Revenue Service, of H & H Construction of NW FL, Inc. d/b/a H & H Construction, Inc. (H & H) for the tax years 2013 and 2014.  If the Contemnor does not have copies of these tax returns or transcripts he shall produce copies of screen-shots or other documents clearly showing that he has requested transcripts of these precise returns from the Internal Revenue Service.

3. Should the Debtor fail to purge his contempt as set forth above, then upon the request of counsel for Rice and the Trustee certifying such failure to purge the Court shall, without further notice or hearing, issue a Bench Warrant directing the United States Marshal to take Debtor/Contemnor, Charlie M. Hamrick, into custody, and to bring him before this Court for further contempt proceedings.

4. Upon his arrest, the Contemnor may be detained in jail without the setting of new conditions of release.  Once incarcerated, the Contemnor may be entitled to the services of a Federal Public Defender, upon proper written request.

5. The Court shall conduct a further hearing to consider the status of this matter on its next regular Pensacola docket, or on such other date as may be appropriate to consider further proceedings consistent with this Order.

DONE AND ORDERED on June 23, 2016 .

KAREN K. SPECIE
United States Bankruptcy Judge

cc:  All interested parties

Charlie M. Hamrick
7855 Sasser Lane
Pensacola, FL 32526

Charlie M. Hamrick
2172 West Nine Mile Road
#396
Pensacola, FL 32534

U. S. Marshal, Northern District of Florida,
Pensacola Division

Counsel for Rice shall serve copies of this Order on the Debtor and all identifiable creditors and parties in interest within three (3) days of the date of this Order , and file a Certificate of Service.